IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHERYL MCLUCKIE,

    Plaintiff,                              14cv0583
                                                **ELECTRONICALLY FILED**

    v.

HOME DEPOT U.S.A., Inc.

    Defendant.

## MEMORANDUM ORDER RE: PLAINTIFF'S MOTION TO REMAND (DOC. NO. 7)

**I.    Introduction**

This is a negligence action brought by Plaintiff, Cheryl McLuckie ("Plaintiff"), against Defendant, Home Depot U.S.A., Inc. ("Defendant"), for alleged injuries sustained by Plaintiff because of a slip-and-fall in the parking lot of Defendant's 440 Home Drive Pittsburgh, Pennsylvania location.  This case was originally commenced on or about November 4, 2013, in the Pennsylvania Court of Common Pleas, Allegheny County.  Docket No.GD-13-020793.  On May 7, 2014, Defendant filed a notice of removal under 28 U.S.C. § 1332 based on diversity of citizenship.  Doc. No. 1.  On May 14, 2014, Plaintiff filed the instant Motion to Remand, in which she moves this Court to remand this case to State Court.  Doc. No. 7.  For the following reasons, Plaintiff's Motion to Remand to State Court (Doc. No. 7) will be **GRANTED.**

**II.    Legal Standard**

Because federal district courts have limited jurisdiction, the removal statutes are strictly construed against removal.  *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1974); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985); *Steel Valley Auth.v. Union Switch and Signal Division*, 809 F.2d 1006, 1010 (3d Cir. 1987).  All doubts as to substantive

and procedural jurisdiction prerequisites must be resolved in favor of remand. *Abels*, 770 F.2d at 29. The removing Defendant bears the heavy burden of persuading the Court, to which the state action was removed, that it has jurisdiction under the removal statutes. *Batoff*, 977 F.2d at 851; *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991); *see Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921) (burden of establishing federal jurisdiction is placed upon the party seeking removal).

### III.     Discussion

The main dispute between the Parties concerning removal is whether the amount in controversy exceeds $75,000.00, which is required for this Court to have jurisdiction over this dispute. Defendant argues a "fair reading" of Plaintiff's Complaint and her refusal to cap damages at $75,000.00 "reveals" that Plaintiff is seeking damages in excess of $75,000. Doc. No. 1, ¶ 8, 10.

Removal statutes are construed strictly against removal. *Batoff*, 977 F.2d at 851; *Abels*, 770 F.2d at 29; *Steel Valley*, 809 F.2d at 1010. All doubts as to jurisdictional prerequisites must be resolved in favor of remand. *Abels*, 770 F.2d at 29. In the instant case, Defendant is not required to prove to a legal certainty that the amount in controversy exceeds $75,000; however, Defendant does carry the heavy burden of proving to the Court that all jurisdictional requirements are met. Defendant has failed to meet this burden.

The Court determines removability by reference to a plaintiff's initial pleadings. *Abels*, 770 F.2d at 29. Therefore, the Court must look to Plaintiff's Complaint to determine whether the amount in controversy requirement has been met. The Complaint is silent as to a damages amount. The only reference to damages in Plaintiff's Complaint is that she is entitled to at least $35,000.00 (the arbitration limit for the Court of Common Pleas of Allegheny County). Doc.

No. 7. Plaintiff alleges damages for: pain and suffering; medical costs; and past and future earnings. Doc. No. 1-7, ¶6. These claims of damages, in the Complaint, do not establish the required jurisdictional amount. Defendant's contention that the damages claims "reveal" claims for more than $75,000.00 is conjecture.

Further, there is nothing on the face of the Complaint to lead the Court to find that this Court is the most proper forum to adjudicate this dispute. Rather, this negligence action involves a slip and fall, which raises a purely state law claim, which the Judges of the Court of Common Pleas of Allegheny County routinely preside over.

Because the Court finds that Defendant has not demonstrated that the amount in controversy amount has been met, the Court will not address the issue of the citizenship of Defendant, as raised by Plaintiff in her Motion to Remand.

## IV. Order

AND NOW, this 4th day of June, 2014, **IT IS HERBY ORDERED THAT** Plaintiff's Motion to Remand (Doc. No. 7) is **GRANTED.** This case is remanded to the Pennsylvania Court of Common Pleas, Allegheny County, **FORTHWITH.** The Clerk of Court shall mark this **CASE CLOSED.**

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

Cc: All Registered ECF Counsel and Parties